UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| NANCY THOMPSON and WEIBIN LAM, | )<br>)<br>) |
| Plaintiffs, | )<br>) |
| v. | )     Case No. 4:19 CV 2422 CDP<br>) |
| JOE-K USED CARS, LLC, et al., | )<br>) |
| Defendants. | ) |

# **MEMORANDUM AND ORDER**

Plaintiff Weibin Lam seeks leave to amend his complaint in order to add a negligence claim against Nikita Thompson, a nondiverse party and the decedent of his co-plaintiff, Nancy Thompson. Defendants Joe-K Used Cars and General Motors separately oppose Lam's motion to amend, asserting that Lam is attempting to fraudulently join the nondiverse defendant in order to divest this Court of subject-matter jurisdiction. Because Lam's claim against Thompson has a reasonable basis in fact and law, I will grant Lam's motion to amend; further, because this Court will no longer have subject-matter jurisdiction as a result of Thompson's joinder, this action will be remanded to state court.

## **Factual and Procedural Background**

This case arises from a car accident which resulted in the untimely deaths of Nikita Thompson and Chananya Siripaph. Thompson was turning left at an

intersection when his car was struck by an unknown driver of a stolen vehicle coming from the opposite direction. Thompson's car burst into flames on impact, and both he and Siripaph, who was sitting in Thompson's passenger seat, were pronounced dead at the scene of the crash.

On July 2, 2019, plaintiffs Weibin Lam (Siripaph's husband) and Nancy Thompson (Nikita's mother) jointly filed a wrongful death action in Missouri state court against Michael Hunter, the owner of the stolen vehicle which struck and killed plaintiffs' decedents, and Joe-K Used Cars, the entity that sold the vehicle to Hunter. Plaintiffs amended their complaint on July 31, 2019, joining General Motors (GM), the manufacturer of Thompson's car, as a defendant and adding several tort and products liability claims against it. GM answered and removed the action to this Court on August 27, 2019.[1]

On August 29, 2019, plaintiff Lam filed the instant motion to amend, seeking to add a claim against Nikita Thompson and Thompson's estate. In short, Lam alleges Thompson waited several seconds at the intersection and did not begin

---

[1] GM's Notice of Removal alleges defendants Hunter, a Missouri citizen, and Joe-K Used Cars, a Missouri company, were fraudulently joined by plaintiffs in order to prevent removal of this action to federal court. Because the plaintiffs are also Missouri citizens, unless those defendants were fraudulently joined, complete diversity would not exist and this Court would not have subject-matter jurisdiction. Plaintiffs have not addressed GM's allegations of fraudulent joinder and have not separately moved to remand the action to state court. However, for purposes of this motion only, I will assume without deciding that Hunter and Joe-K Used Cars were fraudulently joined because the case would be remanded even if those defendants were fraudulently joined and this Court otherwise had subject-matter jurisdiction.

turning until his traffic signal turned yellow; accordingly, Lam alleges Thompson's negligent driving contributed to Siripaph's death. Defendants GM and Joe-K oppose Lam's motion to amend, alleging Lam is simply attempting to join Thompson, a Missouri citizen, in order to defeat diversity and divest the Court of its subject-matter jurisdiction under 28 U.S.C. § 1332(a). In response, Lam maintains he intended on bringing a claim against Thompson from the outset of this litigation, but that he did not do so sooner because he had been engaged in unsuccessful settlement negotiations with Thompson's insurance company until approximately August 9, 2019. ECF 16 at pg. 4. For the reasons that follow, I will grant Lam's motion to amend.

## **Discussion**

When a plaintiff seeks to join a defendant after a case has been removed to federal court, and where such joinder would destroy subject-matter jurisdiction, the court may either deny joinder, or permit joinder and remand the action to state court. *Johnson v. Texas Roadhouse Holdings, LLC*, No. 4:10-CV-36 CDP, 2010 WL 2978085, at *1 (E.D. Mo. July 23, 2010) (quoting 28 U.S.C. § 1447(e)). Federal Rule of Civil Procedure 15(a) provides that leave to amend a pleading should be freely given "when justice so requires," but a particular standard applies when a plaintiff seeks to add a nondiverse party after removal: "In this situation, justice requires that the district court consider a number of factors to balance the

defendant's interests in maintaining the federal forum with the competing interests of not having parallel lawsuits." *Bailey v. Bayer CropScience L.P.*, 563 F.3d 302, 309 (8th Cir. 2009) (citation omitted). Specifically, the Court must consider "1) the extent to which the joinder of the nondiverse party is sought to defeat federal jurisdiction, 2) whether plaintiff has been dilatory in asking for amendment, and 3) whether plaintiff will be significantly injured if amendment is not allowed," *Le Duc v. Bujake*, 777 F. Supp. 10, 12 (E.D. Mo. 1991), as well as "any other factors bearing on the equities." *Johnson*, 2010 WL 2978085, at *2. After carefully scrutinizing Lam's motion to amend in consideration of these factors, I do not find that the purpose of the amendment is to destroy diversity jurisdiction.

As to the first factor, Lam seeks to add a colorable negligence claim against Thompson based on video surveillance-supported allegations that Thompson's negligent driving contributed to the death of Lam's wife. ECF 11 at ¶ 7. In other words, both the defendant sought to be added and the claim brought against that defendant have legitimate bases in fact and law. The mere fact that Thompson's joinder would divest the Court of jurisdiction does not necessarily render Lam's otherwise meritorious claim illegitimate. *See Hofmann v. Enter. Leasing Co. of Minnesota, LLC*, No. 13-CV-255 (JNE/SER), 2014 WL 12601038, at *5 (D. Minn. Oct. 15, 2014) ("The Court finds the purpose of the amendment is not to destroy diversity jurisdiction—although that may be a natural consequence.").

As defendants note, Lam's motion to amend contains a request to remand in light of the fact that the amendment would destroy diversity. ECF 11 at ¶ 13. However, to the extent defendants argue that Lam's transparency is indicative of fraudulent intent, I disagree; to the contrary, precedent in the Eighth Circuit encourages plaintiffs to be open with the district court when their proposed amendments would divest the court of jurisdiction. *See, e.g., Hofmann*, 2014 WL 12601038, at *6 ("[T]he fact that the [plaintiffs] are transparent about their intentions for remand does not automatically suggest that they seek to add [a nondiverse party] for that sole purpose."); *Johnson*, 2010 WL 2978085, at *2 ("Failure to inform the court that joinder of a defendant would destroy diversity has been found to create a reasonable inference that the defendant was joined for the purpose of defeating federal jurisdiction."). This factor thus weighs in Lam's favor.

As to the second factor, Lam filed his motion to amend on August 29, 2019, which is less than two months after plaintiffs originally filed the action in Missouri state court. ECF 1, Ex. 3. Accordingly, Lam was not dilatory in seeking leave to amend. *See, e.g., Le Duc*, 777 F. Supp. at 12 (holding plaintiff was dilatory in seeking leave to amend where plaintiff sought to add a new claim based on an incident that occurred more than two years before she filed suit).

Further, Lam has presented emails to support his claim that he was engaged in settlement negotiations with Thompson's insurer until shortly before GM removed the action to this Court. ECF 16, Ex. 1. Lam has therefore provided a legitimate explanation for his decision not to sue Thompson from the outset, as well as his decision to move to amend promptly after removal. ECF 16, Ex. 1. Unlike the plaintiff in *Johnson*—who knew about the role of a nondiverse defendant before filing suit and inexplicably did not move to join said defendant until four months after removal—the timing of Lam's motion to amend is entirely consistent with the usual course of pre-trial litigation. *Johnson*, 2010 WL 2978085 at *2.

As to the third factor, it would be impractical, inefficient, and unnecessarily expensive to require Lam to maintain two separate wrongful death actions against the defendants in this action. Further, based on the facts alleged in plaintiffs' complaint, there is also a distinct possibility of inconsistent verdicts if two different juries adjudicate the comparative fault of the various defendants. In sum, the harm to Lam in maintaining separate lawsuits would outweigh the harm to the defendants in having to litigate this action in Missouri state court.

To dispense with the remaining arguments in defendants' memoranda in opposition, I first note that GM's reliance on *Ryan ex rel. Ryan v. Schneider Nat. Carriers, Inc.*, 263 F.3d 816 (8th Cir. 2001), is misplaced. In *Ryan*, the plaintiffs

sought leave to amend their complaint post-removal in order to add a claim against a nondiverse co-plaintiff; rather than grant plaintiffs' request, the district court instead construed the proposed claim as a crossclaim in order to maintain complete diversity. *Id*. at 819. Here, by contrast, Lam seeks to add a separate claim against non-party *Nikita* Thompson—not his co-plaintiff Nancy Thompson. Accordingly, as a matter of law, Lam's claim against Nikita Thompson could not be construed as a crossclaim.[2] While a plaintiff bringing a claim against a co-plaintiff's decedent may be somewhat unusual, it is procedurally permissible under Missouri and federal law: "A plaintiff or defendant need not be interested in obtaining or defending against all the relief demanded. Judgment may be given for one or more of the plaintiffs according to their respective rights to relief, and against one or more defendants according to their respective liabilities." Mo. Rev. Stat. § 507.040; *see also* Fed. R. Civ. P. 20.

As there are no remaining issues,

**IT IS HEREBY ORDERED** that plaintiff Weibin Lam's motion to amend his complaint [ECF 11] is **GRANTED**.

---

[2] Defendant Joe-K's related suggestion that the pursuit of a claim against Nikita Thompson constitutes a conflict of interest is also without merit—Lam's attorneys do not represent Nancy Thompson, and more fundamentally, Lam is not asserting a claim against Nancy Thompson.

**IT IS FURTHER ORDERED** that the Clerk of Court is directed to remand this case to the Circuit Court for the City of St. Louis, State of Missouri, from which it was removed.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 30th day of December, 2019.